IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANNIE H. FANT,
    Plaintiff,

v.                                                              Civil Action No. 3:15-cv-474

WAL-MART STORES, INC.,
    Defendant.

## OPINION

Annie Fant fell in the parking lot of Wal-Mart Stores, Inc. ("Wal-Mart"), after seeing a man she describes as a panhandler. Fant, appearing *pro se*, filed this complaint against Wal-Mart for negligence. Wal-Mart now moves the Court to dismiss the complaint for failure to state a claim. Because Wal-Mart did not owe a duty to Fant, or, assuming a duty, because Wal-Mart did not breach any duty owed, the Court GRANTS Wal-Mart's Motion to Dismiss.

## I. BACKGROUND

As Fant made her way into Wal-Mart one afternoon, she saw a "'small Caucasian male' humped on the sidewalk" (hereinafter, "the panhandler"). (Compl. 1.) Fant wanted to avoid the panhandler and feared "what the man might do to [her] car." *Id.*; *see also id.* ("I WANTED to ESCAPE HIM. . . . I WAS AFRAID FOR MY LIFE, and what the man might do to my car. Fear gripped, paralyzed me."). In her attempt to escape him, Fant fell, suffering injuries.

In her complaint, Fant identifies her case's purpose: "WALMART as well as other retailers in the area should have known of the necessary measures to use to protect consumers of the area, especially seniors. Reporting all suspicious persons and activities should have been a main priority for the store chain." *Id.* Fant later alleges "pain and suffering because of

1

negligence" by Wal-Mart. *Id.* at 4. Wal-Mart has moved the Court to dismiss Fant's complaint for failure to state a claim pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears *pro se*, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated that "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the

plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Wal-Mart had no duty to protect Fant from the panhandler's acts (or lack thereof). A plaintiff bringing a negligence claim must first show that the defendant owed her a duty. *Burns v. Johnson*, 250 Va. 41, 44, 458 S.E.2d 448, 450 (1995). Virginia has consistently adhered to the rule that a business owner generally has no duty to protect invitees from third parties' criminal acts. *Rosen v. Red Roof Inns*, 950 F. Supp. 156, 158 (E.D. Va. 1997); *Burns*, 250 Va. at 45, 458 S.E.2d at 450. Two exceptions to this rule exist, neither of which apply to this case.[4]

Fant contends that Wal-Mart should have made "[r]eporting all suspicious persons and activities" a priority. (Compl. 1.) Construing her complaint liberally, as the Court must do, Fant means to insist that Wal-Mart breached its duty to protect her from third-party acts. Fant, however, does not allege that the panhandler committed a crime against her. Indeed, Fant does not assert that the panhandler took any action, let alone any action toward her. As such, Fant fails to state a claim against Wal-Mart for failure to protect her from third-party acts.

Fant also fails to state a claim against Wal-Mart for failure to keep the premises reasonably safe for invitees. Under Virginia law, business owners must warn invitees of unsafe

---

[4] The first exception applies when a business owner knows of an imminent criminal assault on the premises. *Rosen*, 950 F. Supp. at 160. Applying this exception, courts have held that prior criminal activity on the premises does not establish knowledge of an imminent criminal assault. *Id.* In this case, Fant has not alleged any facts indicating that Wal-Mart knew of any imminent criminal assault on the premises. The second exception applies when the business attracts assaultive crimes by incorporating criminal elements into its business practices. *Id.* at 161 (citing *Godfrey v. Boddie-Noell Enters., Inc.*, 843 F. Supp. 144 (E.D. Va. 1994); *Wright v. Webb*, 234 Va. 527, 533, 362 S.E.2d 919, 923 (1987)). In other words, this exception "must be interpreted as imposing a higher duty only where the business somehow directly benefits from the presence of criminal or assaultive behavior." *Id.* In this case, nothing in Fant's complaint even suggests that Wal-Mart attracts assaultive crimes, benefits from criminal behavior, or incorporates criminal elements into its business practices.

3

conditions that they know about, but that invitees do not. *Knight v. Moore*, 179 Va. 139, 145–46, 18 S.E.2d 266, 269 (1942); *see, e.g.*, *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). If the unsafe condition "is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety," however, the law does not impose such a warning requirement. *Knight*, 179 Va. at 146, 18 S.E.2d at 269 (citing *E. Shore of Va. Agric. Ass'n v. LeCato*, 151 Va. 614, 619–20, 144 S.E. 713, 714–15 (1928)). Further, the relevant case law has clearly always assumed that "unsafe conditions" refer to inanimate parts of a premises including "floors . . . passageways . . . stairways, elevator doors, windows." *Raylass Chain Stores, Inc. v. De Jarnette*, 163 Va. 938, 943, 178 S.E. 34, 35 (1935) (internal citation omitted).

In this case, even if this court categorized the panhandler, a person, as a "condition" of the premises, Wal-Mart would still not have breached a duty to Fant. Wal-Mart likely did not know of the panhandler's presence in the parking lot, nor did it have reason to know, as Fant fails to allege any previous incidents with the panhandler. Moreover, even if Wal-Mart knew of the panhandler's presence, a "'small, Caucasian male' humped on the sidewalk" does not constitute an unsafe condition. Accordingly, even when affording Fant the utmost liberal construction, she has failed to state a negligence claim against Wal-Mart by failing to identify any way in which Wal-Mart breached its duties to her.

## IV. CONCLUSION

For these reasons, the Court GRANTS Wal-Mart's motion to dismiss and DISMISSES the complaint.

The Court will enter the appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the *pro se* plaintiff via U.S. Mail.

Date: October 7, 2015
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge